UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUG LONGHINI, an individual

    Plaintiff,

v.                                         Case No: 2:17-cv-353-FtM-38CM

BENJI & GLENJI, INC. and
RODES FARMS, INC.,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Enlargement of Time to Comply with Mediation Deadline and Motion for Court to Assign Mediator (Doc. 16) filed on February 5, 2018. On February 5, 2018, Plaintiff filed his first motion for extension of time to comply with the mediation deadline and the Court's appointment of a mediator in this case because the parties are unable to agree to a mediator or date. Doc. 14 at 1. The motion stated that although Plaintiff made "a good faith attempt to verify whether or not this Motion and the relief requested is unopposed by Defendants via their counsel," Defendants' counsel did not respond. *Id.* at 2. Accordingly, the Court denied without prejudice Plaintiff's first motion for failure to comply with Local Rule 3.01(g). Doc. 15. Plaintiff filed the present motion seeking the same relief based on the same ground as his first motion. Doc. 16. The present motion again states that although Plaintiff made a good faith attempt to confer with the opposing counsel, the opposing counsel has not responded yet. *Id.* at 2.

Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, contain a statement "stating whether counsel agree on the resolution of the motion," and further provides that a statement to the effect that counsel for the moving party attempted to confer with counsel for the opposing party but counsel was unavailable is "insufficient to satisfy the parties' obligation to confer." M.D. Fla. R. 3.01(g).

As one court in this district has held, "an attempt to confer does not satisfy Local Rule 3.01(g)." *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 470, 472 (M.D. Fla. 2008). Instead, Local Rule 3.01(g) "requires an actual conference." *Maronda Homes, Inc. of Fla. v. Progressive Express Ins. Co.*, No. 6:14-cv-1287-Orl-31TBS, 2015 WL 77986, at *3 (M.D. Fla. Jan. 6, 2015). When opposing counsel is unwilling or unable to confer before a motion is filed, the movant "must 'expeditiously' contact opposing counsel and 'supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.'" *Id.* Here, based on Plaintiff's representation, it is not clear whether Plaintiff's counsel is aware of his obligation under Local Rule 3.01(g). Accordingly, the Court will deny without prejudice the present motion and direct Plaintiff's counsel to properly comply with Local Rule 3.01(g). The Court further notes that Defendants' counsel has a duty to promptly respond to Plaintiff's counsel when Plaintiff's counsel seeks to meet and confer before a motion is filed. *Maronda Homes, Inc. of Fla.*, 2015 WL 77986, at *3.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Enlargement of Time to Comply with Mediation Deadline and Motion for Court to Assign Mediator (Doc. 16) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of February, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record